UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

| | |
|---|---|
| Daniil Rapoport and<br>Maria Rapoport,<br><br>      Debtors.<br>_____/ | Case No. 11-45373<br>Chapter 13<br>Hon. Walter Shapero |

**OPINION GRANTING MOTION FOR ORDER REQUIRING MARTIN BORDOLEY
TO SUBMIT TO A 2004 EXAMINATION AND TO PRODUCE DOCUMENTS**

The matter before the Court is Creditor's Motion for Order Requiring Martin Bordoley to Submit to an Examination and Produce Documents (Docket No. 77).

## I. BACKGROUND FACTS

On April 2, 2008, the Oakland County Circuit Court entered a Judgment of Divorce between Vladimir Nozhnik and Esfir Nozhnik. That Judgment of Divorce provided that Vladimir was obligated to pay Esfir a property settlement in the amount of $120,000 and additional spousal support. Vladimir failed to pay those obligations and, on September 10, 2008, David Findling ("Findling") was appointed as receiver to enforce the unsatisfied obligations of Vladimir to Esfir. After his divorce in 2008, Vladimir married Liudmila Storozhenko. On August 18, 2009, Liudmila commenced divorce proceedings against Vladimir, incident to which there was an injunction against either party transferring any property. Apparently, Vladimir made transfers of money or property to Liudmila before their divorce proceedings were commenced, it is claimed, to avoid having those assets seized to satisfy his divorce obligations to Esfir. Martin Bordoley represented Liudmila in the divorce proceedings between her and Vladimir. Findling was also appointed receiver in that divorce case. Findling commenced contempt proceedings alleging unauthorized use/transfer by Liudmila of the monies she apparently received from Vladimir, including transfers made by Liudmila to her daughter, Maria Rapoport, which were claimed to have been used by Maria and her husband, Daniil Rapoport, to purchase a house (the Rapoports are the Debtors in this Chapter 13 case). Findling, in his capacity as receiver, commenced a

1

fraudulent conveyance action in state court against both the Rapoports and Liudmila in connection with the alleged transfers.[1] Bordoley also represented Liudmila in that case. The Liudmila/Vladimir divorce case was dismissed at the request of Liudmila, but the civil contempt proceedings against her continued pursuant to a state court decision to that effect. That state court decision also included a finding that Findling had standing to pursue the contempt and fraudulent conveyance actions notwithstanding the dismissal of the divorce proceedings. Vladimir filed a Chapter 13 bankruptcy case, Case No. 09-53795 (J. Tucker), which was dismissed prior to confirmation on September 2, 2009.

Daniil and Maria Rapoport ("Debtors") filed a Chapter 7 bankruptcy petition, Case No. 11-45373 (J. Shapero), on March 1, 2011. Bordoley was their filing attorney, but Aaron Scheinfield was substituted for Bordoley on June 17, 2011. On July 7, 2011, Debtors' Chapter 7 case was converted to Chapter 13. Following conversion, Debtors filed amended Schedules and an amended Statement of Financial Affairs, in which the Debtors listed Findling as a court appointed receiver for an unknown amount of consumer debt and listed Esfir Nozhnik as a creditor in an unknown amount on their Schedule F. On their amended Statement of Financial Affairs, in response to Question 4 relating to pending suits, Debtors listed two cases: (1) Esfir Nozhnik v. Vladimir Nozhnik, and (2) David Findling v. Daniil Rapoport, Maria Rapoport, and Liudmila Storozhenko.

On July 20, 2011, Findling filed the instant Motion for Order Requiring Martin Bordoley to Submit to an Examination and Produce Documents. Bordoley objected to that Motion, primarily on standing grounds, but also over attorney-client privilege concerns.

## II. DISCUSSION

Fed. R. Bankr. P. 2004 permits any "party in interest" to request an examination under that rule. Generally speaking, a party in interest is someone who has a financial stake in the proceedings. For no other reason that what, as above noted, is set forth in Debtors' Schedules and Statement of Financial Affairs as relates to him being listed as a creditor this case, Findling has a stake in this case. The pendency of the state court fraudulent conveyance action against Debtors, and Bordoley having been Debtors' initial attorney in this bankruptcy case, further

---

[1] That case is apparently still open.

reinforces Finding's "party in interest" posture and Bordoley being subject to what is sought. Thus, the Court concludes that Findling has standing to bring the Motion at issue.

As to concerns about the attorney-client privilege, rather than precluding the examination in the first place, such are more properly dealt with in the context of an actual 2004 examination itself and the specific questions posed therein. In that connection, it should be noted that, generally speaking, the following are <u>not</u> within the scope of the attorney-client privilege: (1) the existence of the attorney-client relationship and the identity of the client, unless possibly, with respect to the latter, such would reveal the nature of the advice sought; (2) the purpose for which the attorney was retained and the terms and conditions of the engagement, including the fee arrangement; (3) the factual circumstances surrounding the asserted privileged communications, such as the date such took place, the identities of those present, and/or the names of the persons who received claimed privileged documents; and (4) billing statements and hourly records, except to the extent such may contain privileged materials or whether the amount of fees paid might indicate the nature of the advice sought. The foregoing is not necessarily an exhaustive list, nor is such listing any indication of their application to this particular case or proceeding. It does indicate, however, that there are significant and proper areas of inquiry of Bordoley at a 2004 examination which the privilege may not preclude. Furthermore, it should be noted, generally speaking, that (1) the privilege is assertable only by either the client involved or the client's attorney acting on behalf of the client, and (2) the holder of the privilege (or the attorney of such person acting on behalf of the holder) is the person who can waive it.

## III. CONCLUSION

Accordingly, the Motion is granted. Findling shall submit an appropriate order, which shall include provisions as to (1) the date and time of the examination, and (2) the documents to be produced and when, in relation to the examination, such are to be produced.
.
```
Signed on September 23, 2011
                      /s/ Walter Shapero
             Walter Shapero
             United States Bankruptcy Judge
```